IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 22-cv-01261-CNS

JONATHAN NUNEZ,

    Applicant,

v.

ELIZABETH CARTER, Warden, Florence FPC,

    Respondent.

---

**ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS**

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Application) (ECF No. 1) filed *pro se* by Applicant, Jonathan Nunez. The Court must construe the Application and other papers filed by Mr. Nunez liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the following reasons, the Court denies the Application and dismisses this action.

### I. BACKGROUND

Mr. Nunez is a prisoner in the custody of the Federal Bureau of Prisons (BOP). He contends the BOP has failed to award 225 days of time credit under the First Step Act (FSA) to which he is entitled. According to Mr. Nunez, the FSA provides that federal prisoners are entitled to 15 days of credit for every 30 days of successful participation in evidence-based recidivism reduction programs and other productive activities and he has served 15 months of his sentence as of the date of the Application. As relief, he seeks an award of the credits to which he is entitled and

immediate release.

On August 11, 2022, Respondent was ordered to show cause why the Application should not be granted. On October 12, 2022, after being granted an extension of time, Respondent filed a timely Response to Order to Show Cause (ECF No. 18) arguing that the Application should be denied. According to Respondent, the Application is moot as to 84 of the requested credits because those credits have been applied to Mr. Nunez's sentence, and Mr. Nunez fails to demonstrate he is entitled to any additional credits under the FSA. Mr. Nunez has not filed a reply despite being given an opportunity to do so.

## II.  ANALYSIS

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Mr. Nunez "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Nunez bears the burden to demonstrate he is entitled to relief. *See Gayton v. Romero*, 503 F. App'x 562, 564 (10th Cir. 2012) (denying certificate of appealability because petitioner failed to meet his burden of proof regarding sentence calculation); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("[T]he burden of proof under § 2241 is on the prisoner."); *Wilson v. Keffer*, No. 08-1961, 2009 WL 1230020 at *4 (W.D. La. May 5, 2009) ("In order to state a claim for relief pursuant to 28 U.S.C. § 2241, a *habeas corpus* petitioner must allege and ultimately establish that he is in custody in violation of the Constitution and laws of the United States; and, the habeas petitioner has the burden of proof with regard to his claims for relief.").

### A. First Step Act

#### 1. Statutory Framework

"Congress enacted the First Step Act to reform sentencing law and to reduce recidivism." *United States v. Saldana*, 807 F. App'x 816, 818 (10th Cir. 2020). Relevant to Mr. Nunez's claim, the FSA provides that an eligible prisoner "who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" that "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(A), (C).

In general, an inmate eligible for FSA time credits "shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i). If the BOP determines the prisoner is "at a minimum or low risk for recidivating" and "has not increased their risk of recidivism" over "2 consecutive assessments," the inmate "shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(ii). Inmates cannot earn FSA time credits for programming or activities completed prior to the commencement of their sentence, and inmates serving sentences for enumerated crimes are not eligible for FSA time credits. *See* 18 U.S.C. § 3632(d)(4)(B), (D). FSA time credits also can be lost (and subsequently restored) as part of the prison disciplinary process. *See* 18 U.S.C. § 3632(e).

FSA time credits "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. §§ 3632(d)(4)(C). "To the extent practicable," the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1).

3

Pre-release custody entails either home confinement or placement in a residential reentry center. *See* 18 U.S.C. § 3624(g)(2).

### 2. BOP Calculation Procedures

Respondent has submitted a sworn declaration from Susan Giddings, the Chief of the Unit Management Section of the Correctional Programs Branch organized under the Correctional Programs Division in the BOP's Central Office, that describes the BOP procedures for calculating time credits under the FSA. (ECF No. 18-1, Ex. A (hereinafter, Giddings Declaration).)

In January 2022 the BOP published its final rule implementing FSA time credit calculation procedures. (Giddings Declaration at ¶23.) The BOP established interim procedures to implement the final rule while working to automate the process. (Giddings Declaration at ¶24.) Under the interim procedures, the BOP manually calculated an inmate's FSA time credits when the inmate approached 24 months from their projected release date. (Giddings Declaration at ¶25.) Calculations were based on the total number of days in the inmate's designated facility, divided by 30 days, and multiplied by 15 for inmates with Low or Medium risk levels. (Giddings Declaration at ¶26.)

In September 2022, the BOP implemented auto-calculation procedures and no longer uses the interim procedures. (Giddings Declaration at ¶32.) Now, inmates have their time credits calculated and applied automatically each month until they reach the statutory maximum of 365 credits or they are within 18 months of their projected release date. (Giddings Declaration at ¶¶33, 36.) Respondent asserts the 18-month cutoff is necessary because the BOP needs a fixed and predictable release date to perform the administrative tasks necessary to coordinate an inmate's transfer to prerelease custody and subsequent release. (Giddings Declaration at ¶37.)

As an inmate's projected release approaches, BOP requires time to effectively

    engage the inmate in prerelease preparation planning and process the administrative documentation necessary for the transfer, which includes transfer to a community-based residential program to facilitate transition back into the community. These processes are only possible if at a certain point the inmate's release date is certain.

(Giddings Declaration at ¶37.)

### 3. Application to Mr. Nunez

On February 3, 2021, Mr. Nunez was sentenced to serve 30 months in prison and three years of supervised release. (Giddings Declaration at ¶38.) He arrived in BOP custody on February 4, 2021. (Giddings Declaration at ¶39.) His full-term release date is August 26, 2023, and, without any FSA time credits, his projected statutory release date is April 13, 2023. (Giddings Declaration at ¶41.)

Because Mr. Nunez was within 24 months of his projected release date when the BOP began using the interim calculation procedures described above, his FSA time credits were calculated using the interim procedures. (Giddings Declaration at ¶42.) Mr. Nunez had 169 days of program participation and he received 84 FSA time credits toward early release. (Giddings Declaration at ¶ 42.) Subtracting 84 days from his projected statutory release date of April 13, 2023, resulted in a new projected release date of January 19, 2023. (Giddings Declaration at ¶42.)

### B. Mootness

As noted above, Respondent contends Mr. Nunez's claim is moot as to the 84 days of FSA credit the BOP has applied to his sentence. The Court agrees.

Article III of the United States Constitution restricts the decision-making power of the federal judiciary to cases involving an actual case or controversy. *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009). To satisfy the case or controversy requirement Mr. Nunez must demonstrate he has suffered, or is threatened with, an actual injury traceable to Respondent and likely to be redressed

5

by a favorable decision. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Furthermore, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* (internal quotation marks omitted). If circumstances change while a case is pending "such that [a party's] legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required." *Green v. Haskell Cty. Bd. of Comm'rs*, 568 F.3d 784, 794 (10th Cir. 2009) (internal quotation marks omitted). If the Court finds that a claim is moot, it must dismiss the claim for lack of jurisdiction. *See, e.g.*, *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) ("Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction.").

As noted above, Mr. Nunez claims he is entitled to a total of 225 FSA time credits. The record before the Court demonstrates he has been awarded 84 days of FSA time credits. Therefore, the Application is moot with respect to those 84 days of credit.

**C. Additional Credits**

Mr. Nunez fails to demonstrate he is entitled to any additional FSA time credits. He does not provide any argument that addresses the BOP's methodology, and he makes no reasoned argument that his rights under the FSA somehow have been violated. Instead, he makes only a conclusory assertion that he is entitled to a total of 225 credits. That conclusory assertion is not sufficient to demonstrate his rights have been violated or that he is entitled to habeas corpus relief.

### III.   CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is DENIED. (ECF No. 1).

The Clerk of Court is directed to close this case.

DATED this 5th day of December 2022.

BY THE COURT:

_____
CHARLOTTE N. SWEENEY
United States District Judge